**In re CLEMENTS ELECTRIC, INC., Debtor.**

**Bankruptcy No. 84–01018–C–4.**

United States Bankruptcy Court, S.D. Texas, Corpus Christi Division.

Feb. 19, 1988.

Walter L. Paulissen, Houston, Tex.

Jan Shephard, Corpus Christi, Tex.

N. Carlene Rhodes Sewell & Riggs Clay Houston, Tex.

Gary J. Knostman, Trustee Fulton Beach, Tex.

ORDER ON APPLICATION OF DEBTOR TO DIRECT INTERNAL REVENUE SERVICE TO APPLY PAYMENTS BY THE CHAPTER 7 TRUSTEE ON 941 TAXES

RANDOLPH F. WHELESS, Jr., Chief Judge.

This matter comes before this Court on the application of J.U. Clements (former owner and officer of the Debtor) to require specific allocation of a payment from the estate by the Chapter 7 Trustee to the Internal Revenue Service.

It appears that the claim of the IRS is approximately $128,465.29, including the "trust fund" portion of the employment taxes (941 taxes) in the approximate amount of $59,572.66. The total assets of the estate are approximately $73,568.50. There are other tax claims from various entities that have a priority equal to the Internal Revenue Service.

The issue is whether or not this Court has discretion to require the Internal Revenue Service to apply its proportion of the

distribution from the estate to these 941 taxes (as opposed to (1) a pro rata application or (2) allowing the Internal Revenue Service to apply the distribution as it sees fit).

It appears that Mr. J.U. Clements has liquidated substantial personal assets and provided the proceeds to the corporate debtor in an effort to pay its various obligations (all prior to the filing of this Chapter 7 proceeding). In addition, Mr. Clements continues to be personally liable for certain of the obligations of this corporation. For these reasons, as well as for others involving Mr. Clements' personal status, if this Court determined that it had discretion in this matter, it would exercise that discretion to require the Internal Revenue Service to apply its portion of the distribution of the estate to the 941 taxes. The effect of this, of course, would be to relieve Mr. Clements from the 100% penalty assessed against him for non-payment of the 941 (or trust fund) taxes to the extent of the payment by the Trustee.

However, this Court concludes that it has no discretion in the matter. This Court is of the opinion, that under the authorities, payment by a Chapter 7 Trustee to the Internal Revenue Service is an involuntary payment and, as such, the I.R.S. is free to apply the payment as it sees fit. See *Amos v. Commissioner*, 47 T.C. 69, 69 (1966); and *United States v. DeBeradinis*, 395 F.Supp. 944, 952 (D.Conn.1975) *aff'd mem.*, 538 F.2d 315 (CA 2 1976).

This payment is mandatory under law and is not subject to any will of the Debtor.

It appeared that the Ninth Circuit Bankruptcy Appellate Panel had held that the Court had such discretion in the case of *Technical Knockout Graphics, Inc.*, 68 B.R. 463 (B.A.P. 9th 1986). However, on November 30, 1987, the Ninth Circuit reversed the Bankruptcy Appellate Panel and ruled that payments made by a *Chapter 11* debtor corporation prior to filing a plan of arrangement were *not* a voluntary payment.

Although the Ninth Circuit's opinion is supported by other authority, this Court strongly disagrees with the rationale of the Ninth Circuit and its resulting definition of the term "voluntary". The message of the Ninth Circuit will, in this Court's opinion, inhibit the filing of a valid Chapter 11 proceeding by a corporation. The message of the Ninth Circuit in *Technical Knockout* is that a corporation owing 941 taxes should utilize its assets to pay the 941 taxes pre-petition in order that the officers of the corporation avoid the 100% penalty rather than file a Chapter 11 proceeding in which those same assets might, over time, be utilized to pay *all* indebtedness.

In addition, the payment in TKO *was voluntary*. In a Chapter 11, Section 1129(a)9 of Title II permits payment of taxes over a period of 6 years from date of assessment. Thus, to this Court, the *pre-confirmation* payment by the Debtor of 941 taxes in cash and in full was as voluntary as any payment of such taxes pre-petition. The debtor had a clear alternative which would have placed the IRS claim at risk (and deferred) over the ensuing 6 year period. A Chapter 11 is a judicial proceeding or action but is unlike the type referred to in *Amos v. Commissioner*, supra. This Court strongly believes that the Ninth Circuit misconstrued the meaning of the term "voluntary" and, in addition, enunciated a rule which is inhibitive to the valid filing of Chapter 11 matters by corporations owing 941 taxes. This is at odds with the purposes of Chapter 11 as promulgated by the United States Congress.

*However*, this case is not a Chapter 11 case. It is a Chapter 7 case. The payments that will be made to the Internal Revenue Service will be made by the Trustee and only in the relative order of priority as set forth in Title 11. Thus the facts of *Technical Knockout* are entirely different from those that are before this Court.

As stated above, if the Court had discretion, it would exercise it in favor of requiring application on the 941 taxes. Under the prevailing facts, Mr. Clements has effectively exhausted his personal resources in an effort to pay debts of this corporation. In addition, his current personal circumstances are not good. However, under the authorities, in this Chapter 7 context

the Court finds that it has no such discretion. The Court declines to abuse its position by exercising a discretion which it does not have. Therefore the motion of Mr. Clements is, relunctantly, denied.

The Internal Revenue Service is directed to prepare and present an Order consistent with this Opinion.